## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1779 | **DATE** | May 23, 2008 |
| **CASE TITLE** | James Kelly (A-50491) v. Tom Dart | | |

**DOCKET ENTRY TEXT:**

Plaintiff James Kelly's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes and directs the trust fund officer at Plaintiff's place of confinement to deduct $3.20 from Plaintiff's account, and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Vandalia Correctional Center. The current complaint is dismissed without prejudice to Plaintiff submitting an amended complaint in accordance with this order. Plaintiff is given 30 days from the date of this order to submit an amended complaint. Failure to comply with this order within 30 days may result in dismissal of this case. The clerk shall send to Plaintiff an amended complaint form and instructions for filing documents in this court, and shall send a copy of this order to Plaintiff's attorney in *Kelly v. Sheahan*, No. 06-2274, Michael Kanovitz of Loevy & Loevy, 312 North May Street, Ste. 100, Chicago, IL 60607.

■ [**For further details see text below.**]   Docketing to mail notices.

### STATEMENT

Plaintiff, James Kelly (A-50491), currently confined at the Vandalia Correctional Center, has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Maywood Sheriff, the Cook County Sheriff, Cook County Jail Officer Redd, and unknown Cook County Jail officers or personnel who work in the jail's kitchen. Plaintiff states the following: he was arrested on September 25, 2007, in Maywood and placed in a cell without a sink or running water for 19 hours; on September 27, 2007, he was transferred to Cook County Jail, where he was made to work in the jail's kitchen with other inmates and with employees of Aramark; Aramark employees sometime complain about inmates, which leads to jail officers conducting a strip search of the inmate; the strip searches are humiliating.

The court finds that Plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $3.20. The supervisor of inmate trust accounts at the Vandalia Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this payment obligation, and the Vandalia Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event that Plaintiff is transferred.

(CONTINUED)

isk

**STATEMENT (continued)**

Although Plaintiff may proceed *in forma pauperis*, preliminary review in this case reveals that Plaintiff's complaint cannot proceed forward as currently drafted. Plaintiff's complaint alleges unrelated claims against different defendants. Plaintiff seeks to sue: (1) the sheriff of Maywood for the condition of the cell, in which Plaintiff was held for 19 hours and (2) the Cook County Sheriff, Officer Redd, and either other officers or Aramark employees for strip searches at Cook County Jail.

A plaintiff may not assert unrelated claims against different defendants in one suit. Rather, such claims belong in separate suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Therefore, for Plaintiff to proceed with this case, he must submit an amended complaint that alleges only one of these claims. The court notes that, while Plaintiff's allegations about strip searches may state a colorable cause of action, his allegations about the Maywood cell conditions endured for 19 hours do not appear to state a valid claim. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1998) (certain jail conditions that are "a temporary situation of a nights' duration" do not rise to the level of a constitutional deprivation); *see also Bell v. Wolfish*, 441 U.S. 520, 559-61 (1979); *Campbell v. Miller*, 373 F.3d 834, 838-39 (7th Cir. 2004) (although solely psychological damages cannot be the basis of an inmate's suit, *see* 42 U.S.C. § 1997e, an inmate may receive nominal damages for an unreasonably conducted strip search). The court further notes that, with respect to his strip search claims, Plaintiff has another suit pending before this court which raises similar challenges to strip searches at the Cook County Jail. *See Kelly v. Sheahan*, No. 06-2274. Although the strip searches that are the subject of that suit do not appear to be the same strip searches that are the subject of the instant complaint, the court is forwarding a copy of this order to Plaintiff's attorney in case number 06-2274 either to assist Plaintiff or to assess whether the claims are so similar that a request should be made to bring the claims in one suit.

Accordingly, the court dismisses the instant complaint without prejudice to Plaintiff submitting an amended complaint in accordance with this order. The amended complaint must allege only related claims – either a challenge to the condition of the cell in the Maywood Jail or a challenge to the strip searches in the Cook County Jail after Plaintiff's September 2007 incarceration. Plaintiff is given 30 days from the date of this order to submit an amended complaint. Failure to submit an amended complaint may be viewed as Plaintiff's desire not to proceed with this action and will result in dismissal of this case. The clerk shall send to Plaintiff an amended complaint form and instructions for filing documents in this court, and shall also send a copy of this order to Plaintiff's attorney in case No. 06-2274. Plaintiff is advised that an amended complaint supersedes an original complaint, and it must stand complete on its own. Therefore, Plaintiff must include all of the claims he seeks to raise and name all of the defendants he seeks to sue in the present case in the amended complaint. The court cannot refer to different pleadings to determine Plaintiff's claims or the defendants to this action. Also, Plaintiff must submit an original amended complaint, a judge's copy, and a service copy for each defendant.